# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIHUI YOU,<br><br>      Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. CIV-26-00964-JD |

## <u>ORDER</u>

Before the Court is Respondents' Response [Doc. No. 11] to the Court's Order to Show Cause [Doc. No. 10] following the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). Respondents acknowledge the import of *Santillan Quiroz* as controlling authority but oppose relief because "Petitioner did not challenge the statutory basis for his detention." [Doc. No. 11 at 1]. Respondents further reserve their appellate rights regarding the legal issue in *Santillan Quiroz* and note the government's petition for a writ of certiorari filed in the U.S. Supreme Court in a different case on the same legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A). *Id.* at 2 n.1.

Respondents correctly note that Petitioner Lihui You ("Petitioner") did not bring a statutory claim and that Petitioner's due process claim centered on a claimed right to a pre-deprivation hearing, requesting release and an order requiring a pre-deprivation hearing on re-detention. [Doc. No. 1 at 20–23]. However, the Court notes Petitioner incorporates statutory arguments on 8 U.S.C. §§ 1225 and 1226 throughout his Petition.

*Id.* ¶¶ 24–42. Moreover, the constitutional claim incorporates application of the correct statute in this context,[1] and "[a] fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them." *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) (citing cases). The mere fact the Court grants less or different relief than that requested is no barrier, as courts are not bound strictly to the prayer for relief. Fed. R. Civ. P. 54(c) ("[The] judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."); *see* [Doc. No. 1 at 23] (requesting that the Court grant "any other and further relief that this Court deems just and proper"); *cf. Marshall v. Quik-Trip Corp.*, 672 F.2d 801, 805 (10th Cir. 1982).

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court declines to address Petitioner's remaining claim. Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

---

[1] *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (explaining that "[h]abeas is at its core a remedy for unlawful executive detention" (citation omitted)).

2

IT IS SO ORDERED this 15th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3